UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MOSA GABRA, <br> SAMEA GABRA, <br> NASHAT AYOUB, and <br> KELLY BOWLDS, <br> individually and as representatives of the Class <br><br> Plaintiffs, <br><br> v. <br><br> TYSON FOODS INC., <br><br> Defendants. | Civil Action No. <br><br> (Jury Trial Demanded) <br><br> CLASS ACTION |

## CLASS ACTION COMPLAINT

Mosa Gabra, Samea Gabra Nashat Ayoud and Kelly Bowlds, ("Plaintiffs"), by and through their attorneys, on behalf of themselves and as representatives of the putative class set forth below, bring the following Class Action Complaint against Tyson Foods, Inc. ("Defendant" or "Tyson") pursuant to the Fair Credit Reporting Act.

### INTRODUCTION

1. This action is brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Recognizing that an individual's job depends on the accuracy of third-party reports such as background checks, Congress chose to regulate the procurement and use of background checks by employers. FCRA therefore contains several procedural requirements intended to inform and protect employees and potential employees (collectively, "employees") from having their information accessed without their knowledge or consent.

2. FCRA's disclosure requirements are important because they enable employees to control and correct information collected about them by third parties. In order for consumers to exercise

their statutory right to obtain a copy of their consumer reports and to correct information in those reports, it is necessary that consumers are aware a report is going to be procured and used.

3. Defendant is an employer whose employment applications do not comply with FCRA's disclosure requirements, and therefore individuals applying to Tyson do not have legally sufficient notice that information about them and collected by third parties may be used in employment decisions.

## **PARTIES AND JURISDICTION**

4. This Court has jurisdiction over Plaintiffs' FCRA claims pursuant to 28 U.S.C. § 1331. Federal question jurisdiction is appropriate here because this case is brought under FCRA, 15 U.S.C. § 1681, *et seq*.

5. Venue is proper in the United States District Court, Middle District of Tennessee, pursuant to 28 U.S.C. § 1391.

6. Plaintiffs Mosa Gabra, Samea Gabra, and Nashat Ayoub reside in Nashville, Tennessee, in Davidson County and worked in Defendant's meat processing facility located in Goodlettsville, Tennessee, in Davidson County.

7. Plaintiff Kelly Bowlds resides in Normandy, Tennessee, and worked in Defendant's meat processing facility located in Goodlettsville, Tennessee, in Davidson County.

8. Plaintiffs are "consumers" as defined by FCRA, 15 U.S.C. § 1681a(c).

9. Tyson Foods Inc. is currently licensed to do business, and does in fact do business, in the State of Tennessee under the name Tyson Fresh Meats, Inc., a subsidiary of Tyson Foods, Inc. Defendant regularly conducts business at its facility in Goodlettsville, Tennessee, in Davidson County, and is therefore subject to personal jurisdiction in this district.

10. Tyson is a "person" as defined by FCRA, 15 U.S.C. § 1681a(b).

2

## FACTS

11. Plaintiff Kelly Bowlds applied for a job at Tyson's Goodlettsville plant as a mechanic in or around July 2013. At the time he applied, he completed a paper employment application provided by Tyson. Plaintiff Bowlds began working at Tyson as a mechanic on October 1, 2013.

12. Plaintiff Mosa Gabra completed a paper application provided by Tyson (through an employment agency) in or around June 2013. Plaintiff Gabra was hired by Tyson on July 1, 2013, and began working at the Goodlettsville facility in the ground beef department.

13. Plaintiff Samea Gabra applied for a job at Tyson's Goodlettsville plant in or around July or August 2013. Plaintiff Samea Gabra began working at the Goodlettsville facility on September 17, 2013 as a styler in the pork slice department.

14. Plaintiff Nashat Ayoub applied for a job at Tyson's Goodlettsville plant in or around July or August 2013. At the time he applied, he completed a paper employment application provided by Tyson and submitted it to the Goodletsville facility. Plaintiff Ayoub began work at Tyson's Goodlettsville facility on August 6, 2013, in the ground beef department.

15. As part of their employment application, Plaintiffs signed a document which purported to permit to authorize Tyson to perform or receive a background report.

16. FCRA requires that employers who wish to obtain a "consumer report" for "employment purposes" must disclose this fact to the consumer in "a clear and conspicuous disclosure [which] has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i).

17. The consumer must give the person wishing to use a consumer report for employment purposes authorization in writing to procure such a report. 15 U.S.C. § 1681b(b)(2)(A)(ii).

18. The term "employment purposes," as used to refer to reports covered by FCRA, means "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h).

19. A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

20. "Consumer reports" include what are traditionally or colloquially known as background checks.

21. The notice provided by Tyson on its employment application purports to inform the applicant that their job is "contingent upon satisfactory background reports."

22. The form signed by Plaintiffs and provided by Tyson is not a stand-alone FCRA disclosure or authorization form. Instead, Tyson's disclosure that it intends to perform a background check appears on the same form which requests information related to Plaintiffs' eligibility for employment, such as, *inter alia*, availability for work, employment history, and education history. A copy of the Tyson on-line application is attached hereto as **Exhibit 1.**

23. Further, in the same paragraph where Tyson discloses that it intends to perform a background check, it also purports to release Tyson from liability regarding the disclosure of information to future employers and informs employees that they will be subject to a probationary period, among other information.

4

24. Tyson has therefore failed to satisfy the disclosure and authorization requirements of FCRA.

25. Defendant collects background checks on its job applicants as a standard part of the applicant screening processes. In addition, upon information and belief, defendant from time to time conducts background checks on existing employees.

26. Defendant does not perform background checks itself. Instead, it relies on a "consumer reporting agency" as that term is defined by FCRA, 15 U.S.C. § 1681a(f).

27. Hence, Tyson procured consumer report information on Plaintiffs and putative class plaintiffs in violation of FCRA.

## **WILLFULNESS**

28. The practice of including disclosures for background checks on employment applications violates the plain language of the statute and contradicts direct regulatory guidance.

29. FCRA requires that, prior to procuring consumer reports, employers must certify to the consumer reporting agency that they will comply with FCRA's stand-alone disclosure and authorization requirements.

30. Despite its failure to provide Plaintiffs with the required stand-alone disclosure, upon information and belief, Defendant subsequently certified to its consumer reporting agency that it did in fact comply with the requirements and requested that its outside consumer reporting agency provide it with a consumer report on Plaintiffs and other putative employees.

31. Defendant willfully disregarded the statute, case law, and regulatory guidance, and willfully violated FCRA's provisions by procuring consumer report information on Plaintiffs and other putative employees without complying with the disclosure and authorization requirements of the statute.

# CLASS ACTION ALLEGATIONS

32. Plaintiffs assert their claims on behalf of all individuals included in the following class definition:

> Any individual who applied to Tyson Foods, Inc. or any of its subsidiaries to work in the United States whose application, or other hiring documents, included language purporting to disclose and/or authorize Tyson to procure a background check where such language did not appear as a stand-alone disclosure and/or authorization and on whom Tyson procured a background check for employment purposes in the period beginning two years prior to the filing of this Complaint and continuing through the date the class list is prepared.

33. Numerosity: This class is so numerous that joinder of all class members is impracticable. Defendant regularly uses its disclosures at all facilities it owns and/or operates to procure consumer reports on job applications and current employees. Tens of thousands of Defendant's prospective and existing employees throughout the United States satisfy the class definition.

34. Typicality: Plaintiffs' claims are typical of the members of the class. Defendant uses a nearly identical disclosure to purportedly authorize it to procure consumer reports for employment purposes on all prospective and existing employees. The FCRA violations suffered by Plaintiffs are typical of those suffered by all class members because Defendant treated Plaintiffs consistent with other class members and according to its standard practices with regard to FCRA disclosure.

35. Adequacy: Plaintiffs will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation to assist them in doing so. Plaintiffs have made arrangements to ensure that they are financial able to represent the class.

36. Commonality: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

a. Whether Defendant procured consumer reports on prospective and existing employees;

   b. Whether Defendant violated FCRA by procuring such consumer reports with invalid authorization;

   c. Whether Defendant's FCRA violations were willful;

   d. The proper measure of statutory damages;

   e. The proper measure of punitive damages.

37. Class certification is appropriate under Fed. R. Civ. Pro. 23(b)(1) because prosecution by individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action would potentially be dispositive of the interest of other individuals not a part to such an individual action, impeding their ability to protect their interests.

38. Class certification is appropriate under Fed. R. Civ. Pro. 23(b)(2) because Defendant acted on grounds that apply generally to the putative class, such that final injunctive relief or corresponding declaratory relief is appropriate for the class as a whole.

39. Class certification is appropriate under Fed. R. Civ. Pro. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and equitable adjudication of this litigation. Defendant's conduct as described in this Complaint arises from common and uniform practices and policies, resulting in violations of FCRA that are common among all class members. Class certification will meet the goal of judicial efficiency because it will preclude the need for duplicative litigation that might result in

inconsistent judgments concerning Defendant's identical practices. Management of this class will not present any foreseeable difficulties. Therefore, in the interests of justice and judicial efficiency, certification of the class is appropriate in order to litigate all class members' claims in a single forum.

40. Plaintiffs intend to notify putative class members to the extent required by Fed. R. Civ. Pro. 23. The names, addresses and other contact information of all class members are available in Defendant's records.

## COUNT ONE
### Procuring Consumer Reports without Proper Disclosure
### 15 U.S.C. § 1681b(b)(2)(A)(i)

41. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

42. Defendant procured consumer reports, as defined by FCRA, on Plaintiffs and all class members. These reports were procured for employment purposes without first providing Plaintiffs or any class member with a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

43. The foregoing violation was willful. Defendant acted in deliberate or reckless disregard of its obligations and rights with regard to Plaintiffs and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant's willful conduct is reflected by, *inter alia*:

    a. FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

    b. Defendant's conduct is inconsistent with longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

8

c. Defendant knew or should have known from communications with its consumer reporting agency that Defendant's conduct violated FCRA;

d. Defendant certified that it would comply with the disclosure requirements of FCRA;

e. Defendant repeatedly and routinely has used the purported disclosure and waiver it provided to Plaintiffs to procure consumer reports on Plaintiffs and other putative employees;

f. Despite the clear statutory text and depth of judicial and regulatory guidance, Defendant's practice is to procure consumer reports without first disclosing in writing and in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes;

g. By adopting such a policy, Defendant voluntarily risked violating the law in a manner which was more than merely careless.

44. Plaintiffs and each class member are therefore entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

45. Plaintiffs and class members are also therefore entitled to punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1)(A).

46. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. 1681n(a)(3).

## COUNT TWO
### Procuring Consumer Reports without Proper Authorization
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

47. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48. Defendant procured consumer reports, as defined by FCRA, on Plaintiff and all class members. These reports were procured for employment purposes without first receiving proper authorization in violation of of 15 U.S.C. § 1681b(b)(2)(A)(ii).

49. The foregoing violation was willful. Defendant acted in deliberate or reckless disregard of its obligations and rights with regard to Plaintiffs and other class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant's willful conduct is reflected by, *inter alia*:

   a. FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

   b. Defendant's conduct is inconsistent with longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

   c. Defendant knew or should have known from communications with its consumer reporting agency that Defendant's conduct violated FCRA;

   d. Defendant certified that it would comply with the authorization requirements of FCRA;

   e. Defendant repeatedly and routinely has used the purported disclosure and waiver it provided to Plaintiffs to procure consumer reports;

   f. Despite the clear statutory text and depth of judicial and regulatory guidance, Defendant's practice is to procure consumer reports without first receiving proper authorization to procure a consumer report;

   g. By adopting such a policy, Defendant voluntarily risked violating the law in a manner which was more than merely careless.

10

50. Plaintiffs and each class member are therefore entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

51. Plaintiffs and class members are also therefore entitled to punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1)(A).

52. Plaintiffs and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. 1681n(a)(3).

## PRAYER FOR RELIEF

53. Wherefore, Plaintiffs, on behalf of themselves and the putative class, pray for relief as follows:

    a. Determining that this action may proceed as a class action under Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure;

    b. Designating Plaintiffs as Class Representatives and designating Plaintiffs' counsel as counsel for the putative class;

    c. Issuing proper notice to the putative class at Defendant's expense;

    d. Declaring that the Defendant committed multiple, separate violations of FCRA;

    e. Declaring that the Defendant acted willfully, in deliberate or reckless disregard of Plaintiffs' and other class members' rights and Defendant's obligations under FCRA;

    f. Awarding statutory and punitive damages as provided by FCRA;

    g. Awarding reasonable attorneys' fees and costs as provided by FCRA; and

    h. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

54. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs and the class demand a trial by jury.

Dated: March 10, 2015

Respectfully submitted,

_____
Charles P. Yezbak, III
Yezbak Law Offices
2002 Richard Jones Road
Suite B-200
Nashville, TN 37215
(615) 250-2000
yezbak@yezbaklaw.com

Gregory K. McGillivary
Molly A. Elkin
Robin S. Burroughs
WOODLEY & McGILLIVARY, LLP
1101 Vermont Avenue, NW
Suite 1000
Washington, D.C. 20005
tele: (202) 833-8855
fax: (202) 452-1090
gkm@wmlaborlaw.com
mae@wmlaborlaw.com
rsb@wmlaborlaw.com

Attorneys for Plaintiffs